**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-2800

FREEPLAY MUSIC, LLC,

    Plaintiff,

v.

WHEEL PROS, LLC dba 4 WHEEL PARTS,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL**

Plaintiff FREEPLAY MUSIC, LLC, by and through its attorneys of record, alleges as follows:

**JURISDICTION & VENUE**

1.    This is an action for copyright infringement. As such, subject matter jurisdiction over this action (herein after, the "Action") is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338, as Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2.    Wheel Pros, LLC dba 4 Wheel Parts ("Wheel Pros" or "Defendant") is a Delaware limited liability company which is headquartered in Denver, Colorado.

3.    Venue is proper in this district by virtue of 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400 in that Wheel Pros is subject to personal jurisdiction in this district, and thus resides here.

**PARTIES**

4.    Plaintiff Freeplay Music, LLC ("FPM") is a Delaware limited liability company

with a principal place of business at 1650 Broadway, Suite 1108, New York, New York 10019, and is the rightful owner of the twenty-nine (29) musical recordings, all duly registered with the United States Copyright Office (hereinafter, the "Works"). The titles and registration numbers for each work are listed in **Exhibit A**.

5. Defendant Wheel Pros is a Delaware limited liability company with its principal place of business located at 5347 S. Valentia Way, Greenwood Village, Colorado 80111. Upon information and belief, Wheel Pros acquired Transamerican Auto Parts in or around June 2022. As part of this acquisition, Wheel Pros acquired 4 Wheel Parts. 4 Wheel Parts originally published the infringing material at issue in this Action, and currently has more than ninety (90) retail locations across the country.

## PRELIMINARY STATEMENT

6. Plaintiff has recently discovered that Wheel Pros has made use of at least twenty-nine (29) copyrighted Works of FPM as if FPM's music library was their own personal cookie jar in at least thirty-six (36) willfully infringing uses over the last several years. As discussed below, none of this conduct was known to FPM until recently. Considering that tens of millions of websites and hundreds of millions of videos exist on the internet, that would need to be monitored to detect these infringing uses, FPM's discovery is nothing short of remarkable. The massive unauthorized copying of the Works was also not perpetrated by mistake. As discussed below, the licensing and payment requirements are clearly described on the FPM website.

7. FPM is a popular digital music library that offers a large online catalog of over 50,000 creative works (the "Works") for licensing under clear terms of use provided for on the FPM website. The FPM Works are made available by FPM for the material purpose of offering

2

them for use in broadcast commercial videos. FPM's business model is based on this premise. A significant market for FPM is thus licensing its Works for a fee to companies to be used for commercial use as music in advertisements. Wheel Pros did exactly that –used FPM's Works, which are the subject of this Action, in advertisements for 4 Wheel Parts, all for commercial gain.

8. However, as discussed more fully below, no license was ever acquired to use the Works, though 4 Wheel Parts has continued to exploit the Works to further enhance its commercial advertisements for years.

9. Further, Wheel Pros cannot claim that it obtained the Works any place other than the FPM website, as the Works involved in this Action are exclusively offered only on the FPM website. As any legitimate business knows, 4 Wheel Parts and Wheel Pros knew they needed to obtain a license to use other's intellectual property, including and specifically musical compositions and recordings, in order to synchronize that copyrighted music in their commercial advertisements. Despite this, they willfully and consciously did not do so here on a substantial scale.

10. FPM works with TuneSat, LLC ("TuneSat"), a technology company that detects uses of music that are exploited online and on television. TuneSat services major music publishing companies, major record labels, and other copyright owners on a global scale in fourteen (14) countries and monitors millions of websites. TuneSat has more than 10,000 registered user accounts worldwide.

11. TuneSat sent FPM a report of these infringing activities on July 5, 2022. As mentioned, detecting this infringement is no small feat considering there are tens of millions of websites and hundreds of millions of videos on the internet and more created each day. For FPM to be able to find every use of FPM's Works on the internet would be impossible. Finding these

3

infringements is akin to finding a needle in a haystack. Wheel Pros apparently counted on the difficulty of being caught in deciding to engage in this willful copyright infringement.

12. FPM owns the duly registered copyrighted Works that have been infringed (of which they are aware), identified on Ex. A with their corresponding use. FPM has identified, through TuneSat's audio fingerprint technology, that Wheel Pros has exploited the Works in at least thirty-six (36) different videos. In fact, all these uses of the Works are a direct lifting, meaning they used the exact works exclusively offered on FPM's website that require a license and payment.

13. FPM thus brings this Action to vindicate its rights for the willful infringement of the FPM Works, to recover damages, and requests that this Court grant the maximum award of statutory damages for willful copyright infringement in the amount of $150,000.00 per infringed work. Anything less than the maximum in statutory damages would not deter future infringement. The copying of the Works without a license and payment destroys the value of these copyrights, and sends a message that anyone can use FPM's music catalog at no cost and without consequence.

## STATEMENT OF FACTS

### I. Introduction to FPM & Its Business Model

14. Scott Schreer ("Schreer"), one of America's most prolific and performed TV composers and producers, formed FPM in 2001 as a high-quality online music library. Schreer, whose credits include, among many others, the *NFL on Fox* theme, is also a contributing composer to FPM's music catalog. Schreer has won 7 Distinguished BMI songwriter of the year awards over the last ten years. BMI only gives out 25 such awards per year to their more than 1 million current writer and publisher members.

4

15. FPM is one of the world's most visited and popular online music production library destination portals for major broadcasters, advertisers, production studios, prosumers and consumers alike. FPM offers its music catalog of over 50,000 creative works, representing 480 composers. Its catalog is available for licensed commercial use intended to be synchronized with audiovisual works. FPM has issued more than 4 million internet licenses with more than 250 million impressions to its website since its inception.

16. FPM's website (freeplaymusic.com) clearly states that each of its songs, including the Works, must be licensed for the commercial use at issue in this Action. For example, there is a "Pricing" and a "Shopping Cart" feature prominently located at the top right of its website:



17. Under the Pricing tab, FPM's website lists that the annual fee for Advertising for TV/Radio/Web, for "Web Only," is $250 per song, per video. The Web Only usage clearly states that "This license is for the use of one track in one advertisement, to be posted on unlimited URLs for one (1) year. Please read our TERMS OF USE carefully about the restrictions of this license."

18. Under the Pricing tab, FPM's website lists that the annual fee for Advertising for "TV/Radio/Web" is $500 per song, per video. The TV/Radio/Web usage clearly states that "This license is for the use of one track in one advertisement, to be posted on unlimited URLs and broadcast on television and/or radio for one (1) year. Please read our TERMS OF USE carefully about the restrictions of this license."

19. Under the Pricing Tab, FPM's website lists that the annual fee for a YouTube Business Use is $250 per song, per video. The YouTube Business usage is clearly described as, "the use of one track in one business-related video, to be posted on unlimited URLs for one year."

20. Additionally, FPM's website is governed by its Terms of Use Agreement ("Terms of Use"), entitled "Freeplay Music LLC Terms of Use Agreement," which can be found at the following URL: https://freeplaymusic.com/#/terms. The Terms of Use state: "PLEASE CLICK HERE TO READ MORE ABOUT OUR MUSIC LICENSING. A WRITTEN LICENSE IS REQUIRED FOR ALL USE OF FREEPLAY'S MUSIC." The hyperlink takes you to the Pricing site, mentioned directly above.

21. As FPM's website makes clear, FPM requires users to license each of its songs, including the Works, for any exploitation on YouTube or otherwise.

22. Prior to downloading and using FPM's music, including the Works, users must enter into a written license agreement with FPM that corresponds with the user's intended use of the works (*i.e.*, personal or commercial). The fee for such licenses varies, as discussed above, but Defendant's exploitations of the Infringing Works would have been at least $250 per each track, per each video use for a one (1) year license.

23. Additionally, the front page of FPM's website lists the "Top Tracks," as shown directly below. There is a shopping cart image below the column that says "License." At all relevant times herein, FPM has made it clear that a license is required for the use of its works.

| | TOP TRACKS | | | | | | |
|---|---|---|---|---|---|---|---|
| PLAY | TRACK / ALBUM | ADD | GENRE / MOOD | WAVEFORM | TEMPO | LENGTH | EDITS | LICENSE |
| ▶ | Eastbound / Soundtrack Rock Volume 5 | + | Country Crossover, Modern Country, Country & Folk / Epic, Adventurous | ～～～ | MEDIUM | 01:25 | ✂ | 🛒 |
| ▶ | Smetana From The Homeland 2 / Smetana From The Homeland | + | Chamber Ensemble, Romantic, Classical / Eerie, Suspenseful | ～～～ | MEDIUM | 06:18 | ✂ | 🛒 |

24. Had FPM not been so vigilant as to use TuneSat to search Defendant's videos uploaded across various streaming platforms, there is no way that they could have discovered these infringements.

## II.     Defendant Wheel Pros & Its Unauthorized Use of the Works

25. 4 Wheel Parts (now owned and operated by Wheel Pros, LLC) opened its doors in 1961 with the motto "Quality Parts, Lowest Prices, Fastest Service and Fully Guaranteed."

26. 4 Wheel Parts' website, 4wheelparts.com states that "4 Wheel Parts grew from a one-person operation to the global leader in truck, Jeep, SUV and off-road performance products. Today, 61 years later, our customers still demand superior service — and we strive to deliver at every opportunity." "4 Wheel Parts has a nationwide chain of retail stores and service centers. Drop in to one of our 90+ stores throughout the U.S.A. to check out products and get personalized advice and service."

27. As discussed above, Wheel Pros acquired 4 Wheel Parts in 2022 and continues to do business using the 4 Wheel Parts name and brand.

28. Without any license, 4 Wheel Parts (and thus Wheel Pros) has unlawfully utilized and directly copied at least twenty-nine (29) of FPM's copywritten works in at least thirty-six (36) videos all for commercial gain.

7

## CAUSES OF ACTION
## Copyright Infringement Against Wheel Pros

29. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein. FPM is the legal and beneficial owner of the United States copyright in all rights, titles, and interests in the sound recordings and musical compositions listed in Ex. A attached hereto.

30. FPM has never authorized Defendant, by license or otherwise, to copy, reproduce or exploit in any manner any of the Works.

31. Each of the Works infringed upon have been duly registered with the U.S. Copyright Office, and registration numbers for the Works are identified in Ex. A.

32. Defendant has willfully exploited at least twenty-nine (29) of FPM's copywritten works in at least thirty-six (36) videos all for commercial gain. The infringing content containing the Works has been viewed thousands of times, at minimum.

33. Defendant's conduct, at all times relevant to this Action, has been targeted, knowing, willful, and with complete disregard to FPM's rights. Defendant understood the FPM licensing process yet willfully chose to continue to exploit the Works over the course of several years without obtaining the necessary licenses and making the required payments. Defendant obtained significant profit through the unauthorized use of the Works.

34. As a proximate cause of Defendant's wrongful conduct, FPM has been irreparably harmed and suffered actual damages including lost profits and licensing fees, and diminution of the value of the copyrights in the Works.

35. Pursuant to 17 U.S.C. § 504(b), FPM is entitled to damages and Defendant's profits, in an amount to be proven at trial.

36. Pursuant to 17 U.S.C. § 504(c), FPM is alternatively entitled to the maximum amount of statutory damages, $150,000.00, for willful copyright infringement of each registered Work from the entity which unlawfully exploited them.

37. As a direct and proximate result of Defendant's conduct, FPM has incurred attorneys' fees and costs which are recoverable pursuant to 17 U.S.C. § 505.

38. Defendant's conduct has caused, is continuing to cause, and will further cause great damage to FPM, which damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, FPM will suffer irreparable injury, for which FPM is without adequate remedy at law. Accordingly, FPM is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 following judgment, prohibiting further infringement, reproduction, distribution, sale, public performance, other use, or exploitation of the Works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement and relief, as follows:

39. For Judgement in favor of Plaintiff and against Defendant;

40. For a declaration and finding that Defendant has willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act, including a finding that Defendant is liable for actual damages, as well as for Defendant's profits pursuant to 17 U.S.C. § 504(a)(1) and (b);

41. For an accounting of all profits, income, receipts, or other benefits derived by Defendant from the production, copying, display, promotion, distribution, broadcast, public performance, or sale of products and services or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiff's copyrights in the Works pursuant to 17 U.S.C. § 504(a)(1) and (b);

42. For statutory damages, upon election prior to final judgement in the alternative to actual damages and profits, for willful copyright infringement pursuant to 17 U.S.C. § 504(c);

43. For costs of suit herein, including an award of attorneys' fees pursuant to 17 U.S.C. § 505;

44. For pre-judgment and post-judgment interest;

45. For a running royalty stemming from the use of the Works by Defendant following judgement in an amount to be proven at trial, or in the alternative, for the entry of an injunction requiring Defendant, its officers, agents, servants, employees, representatives, successors, licensees, partners, attorneys, and assigns, and all persons acting in concert or participation with each or any of them to be permanently enjoined from directly or indirectly infringing, reproducing, displaying, promoting, advertising, distributing, or selling any work that infringes, contributorily infringes, or vicariously infringes Plaintiff's rights in the Works protected by the Copyright Act; and

46. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a jury trial on all issues raised in this complaint.

Dated this 25th day of October, 2023.                Respectfully submitted,

By: *s/ J. Mark Smith*
J. Mark Smith, Reg. No. 973
Fairfield and Woods, PC.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone Number: (303) 830-2400
jmsmith@fwlaw.com

                                                                 Richard S. Busch, TN Bar No. 014594
                                                                 King & Ballow
                                                                 315 Union Street, Suite 1100
                                                                 Nashville, TN 37201
                                                                 Phone Number: (615) 726-5422
                                                                 rbusch@kingballow.com

                                                                 *Attorneys for Plaintiff*

Plaintiff's Address:

Freeplay Music, LLC
c/o Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202

11